## DURE *et al. v.* CITY OF MACON *et al.*

A temporary injunction was not demanded as a matter of law, under the pleadings and evidence; and the judgment refusing the temporary injunction prayed for in the petition as amended was not erroneous.

No. 4436. FEBRUARY 25, 1925. REHEARING DENIED FEBRUARY 28, 1925.

Petition for injunction. Before Judge Mathews. Bibb superior court. May 24, 1924.

*Hall, Grice & Bloch,* for plaintiffs.

*Grady Gillon* and *H. D. Russell,* for defendants.

ATKINSON, J. The exception is to a refusal, at an interlocutory hearing, to grant a temporary injunction enjoining the City of Macon from making a proposed encroachment upon a street opposite the abutting property of the plaintiffs; from constructing a garage building on land that had formerly been laid out by the city around which stone curbing and gutters had been placed, and on which an engine-house had been constructed and used by the city fire department; from erecting a fence around the plot of land just indicated; and from using the engine-house that had been used by the city fire department for a place of storage for tools and other supplies of the board of water commissioners of the city. The sole ground of exception is that under the pleadings and evidence and the law applicable thereto the grant of a temporary injunction was demanded. It was contended that the city did not have the right to do the proposed acts, because the city did not have title to the property, and that the property had been previously dedicated to the public as a thoroughfare, and therefore that if the city ever acquired title to the property the city could not devote it to the purposes and uses which were sought to be enjoined. In bringing the suit the plaintiffs assumed the burden of showing affirmatively that the city did not have title, and that the property had been dedicated for a different purpose. The evidence did not demand a finding, as contended in the assignments of error, that this burden was successfully carried. There was no evidence whatever of any express dedication, and the evidence as to the former use to which the property had been devoted did not show an implied dedication for purposes differing from those to which the city was proposing to employ the property. It was not shown that the land had not been granted by the State to individuals and by them sold or dedicated to the city. It was

stated in the evidence: "In response to the notices to produce, the defendants produced no deeds, leases, or other writings, but insisted that notices called [calling] for production of documents . . were neither relevant nor material." If a proper notice to produce had been given as required by the statute, a failure to produce the documents would be a ground for the introduction of secondary evidence; but the refusal in this case to produce any documents on the grounds that they were not relevant or material on the hearing does not amount to an admission that the city did not have title, nor relieve the petitioners of the burden of showing that the city did not have title. In refusing a temporary injunction it appears from an opinion prepared by the judge that he construed an act of the legislature as granting to the city the property in question. Under the pleadings and evidence it was not necessary for the judge to have gone so far. It was sufficient to sustain his judgment, upon the point as to title to the property, that the plaintiffs failed to show that the city did not have a title. So whether or not the interpretation placed upon the act of the legislature by the judge was proper, his judgment was correct. It was admitted in open court that the city had abandoned the proposed encroachment upon the highway. As the right to encroach upon the highway was abandoned by the city, the judgment refusing an injunction should not be construed as sanctioning the right of the city to encroach upon the highway. In this view, the question of the city's right to make such an encroachment is not for decision, and no ruling will be made as to that matter.

*Judgment affirmed. All the Justices concur.*